NOTE CHANGES MADE BY THE COURT

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEISMIC STRUCTURAL DESIGN ASSOCIATES, INC., a California corporation, | CASE NO. CV11-04472 SJO (SSx) *[Assigned to Hon. S. James Otero, Courtroom 1]* |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] ORDER ON STIPULATION FOR PROTECTIVE ORDER |
| M. ARTHUR GENSLER JR. & ASSOCIATES, INC., a California corporation, NABIH YOUSSEF ASSOCIATES, INC., a California corporation, and ANSCHUTZ ENTERTAINMENT GROUP, INC. | **Complaint Filed:** 5/24/11<br>**Amended Complaint Filed:** 11/15/11<br>**Trial Date:** 4/9/13 |
| Defendants. | |

Having reviewed the parties' "Stipulation for Protective Order re: Protection of Confidential Matter," and finding good cause therefore, the Court hereby accepts said stipulation. Pursuant thereto, discovery of information deemed by a party to be confidential shall be governed by the following rules.

1

[PROPOSED] ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER

I. **CONFIDENTIAL MATTER DEFINED.**

A. **Generally.**

As used herein "Confidential Matter" shall mean any information, documents, things, or writings (as defined in *California Code of Civil Procedure* section 2016.020 and *Evidence Code* section 250), including without limitation written discovery requests or responses, or other tangible or intangible items or matter, produced, disclosed or made available in the course of this litigation by any party, that is or contains a trade secret or information that is proprietary, financial in nature, or is otherwise private or commercially sensitive, and which such party (the "Designating Party") designates as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by conspicuous lettering on the face or cover of the document or other item, or by written notice enclosing the information or documents designated as Confidential Matter. "Confidential Matter" includes the confidential information contained within any such information, documents, things, or writings so designated. And each party understands that the material is in fact confidential. Confidential Matter also includes both information produced by a party or a non-party pursuant to a subpoena. The terms "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used to designate only that Confidential Matter which the Designating Party believes in good faith to constitute or contain highly sensitive business information, customer information, product information, technological information, ongoing research and development projects, personal information of Designating Party, personal financial information of any former or current employees, or other confidential information that will competitively harm the Designating Party if it becomes known to any person or entity other than the Designating Party.

Any documents, information and/or deposition testimony produced by any parties in this litigation or third parties, that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and

not so designated subsequently by any party, will not be treated as a Confidential Matter under this Order, and may be disclosed by any party for the purposes of this litigation without violating this agreement.

**B.    Deposition Testimony.**

Any party may, in good faith and with good cause, designate an entire deposition itself as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the conclusion of the deposition, or any session or portion thereof, if the party believes confidential material will be contained in the deposition transcript. The Designating Party shall have two weeks after receipt of the certified deposition transcript to make a determination as to the portions of the testimony which the party believes are confidential. Until the two week period has expired, the entirety of any deposition which has been designated at the deposition as containing confidential material shall be treated as constituting Confidential Matter.

1. After designation of the portions of the transcript deemed confidential, each designated page of the original and of all copies of the transcript shall be marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and the original and each copy of the transcript shall thereafter be maintained according to one of the following procedures, at the option of counsel with custody of that copy: Either, (1) The entire transcript shall be marked and treated as confidential (in which case counsel shall nevertheless maintain with that copy the designation indicating the particular portions marked as confidential); or, (2) Those pages containing confidential matter shall be physically separated from the remainder of the transcript, and maintained as a separate, confidential document.

2. If possible to designate those portions of the transcript deemed confidential at the time of the deposition, the parties may agree to have the designated portions separately transcribed at the outset.

3. If, during the course of a deposition or other testimony, counsel for any party states that the interrogation concerns information that is subject to designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", persons who are not authorized to receive such confidential information shall be excluded from the deposition or testimony so designated. In the event that the disclosure may occur during court proceedings, the parties shall confer with the Court as to the proper procedure for handling the Confidential Matter.

## II. TREATMENT OF CONFIDENTIAL MATTER.

### A. Generally.

Confidential Matter made available to any party or other person hereunder:

1. Shall be marked, stamped, or designated by written notice as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY";

2. Shall be used solely in connection with this action in accordance with the terms hereof, and not in connection with any other action;

3. Shall not be used for any business, commercial, personal or competitive purpose by the party at any time;

4. Shall not, except as provided in this Order, be disclosed to or discussed with any person (including without limitation the media or member of the public) for any purpose, nor shall Confidential Matter be posted on the Internet including on any social website);

5. Shall in all other respects be treated and maintained in a confidential manner under a standard of care which a reasonable person would exercise in maintaining the confidentiality of proprietary information of great value; and

6. Shall not be given, shown, made available, or communicated in any way to any person or entity other than the following persons (each a "Qualified Person"):

(a) Plaintiffs' counsel (Barnes & Thornburg LLP), the staff and supporting personnel employed by Plaintiff's counsel who are working directly on

this litigation under the supervision of such counsel, and such other persons or persons to whom it is necessary to disclose Confidential information for purposes of this litigation, including outside vendors, local counsel or independent contractors retained by Plaintiffs' counsel in the ordinary course of business to assist in this litigation. As used in this paragraph, "staff and supporting personnel" does not include "independent experts or consultants," which are addressed instead in section II.A(6)(e) of this Protective Order.

(b) Defendants' counsel (Christie, Parker & Hale, LLP.; Collins Collins Muir + Stewart LLP), the staff and supporting personnel employed by Defendants' counsel who are working directly on this litigation under the supervision of such counsel, and such other persons or entities to whom it is necessary to disclose Confidential information for purposes of this litigation, including outside vendors, local counsel, or independent contractors retained by Defendants' counsel in the ordinary course of business to assist in this litigation. As used in this paragraph, "staff and supporting personnel" does not include "independent experts or consultants," which are addressed instead in section II.A(6)(e) of this Protective Order.

(c) The Court and court personnel, stenographic reporters and videographers at depositions taken in this action or the Declaratory Judgment Action, and any jury empanelled in this action or the Declaratory Judgment Action.

(d) Parties to this action, to the extent necessary for such parties to see the Confidential information for purposes of this action. For purposes of this Agreement, "Parties" shall include insurance representatives affiliated with a party in the course of this litigation.

(e) Independent experts or consultants retained by a party for advice or services directly related to this action or the Declaratory Judgment Action, including any employees, associates or independent contractors retained by those experts to assist in their work in this action or the Declaratory Judgment

Action. Counsel desiring to disclose Confidential information to such experts or consultants shall first obtain a signed undertaking, in the form of Exhibit "A" attached hereto, from each such expert or consultant. If counsel desires to disclose Confidential information to an independent expert or consultant who has been affiliated in any way with a competitor of another party, counsel shall also provide the other party's counsel with the name, business address, competitor name and address, and current curriculum vitae of the expert or consultant. No Confidential information shall be disclosed to any independent expert or consultant for a period of fifteen (15) business days after service of the signed undertaking and/or competitor information upon opposing counsel or until the Court order allows such disclosure pursuant to the procedures set forth in section II.C of this Protective Order.

   (f) Any person that originally authored or received the Confidential information or demonstrably gained knowledge of it in the regular course of business, as ascertained from a document containing the information or from prior sworn testimony of any person or entity.

   (g) Any other person who is designated as a Qualified Person by order of the Court, after notice to all parties.

  **B.** <u>**Scope of Disclosure Permitted for Trial Preparation.**</u>

   1. Confidential Matter designated as "CONFIDENTIAL" may be disclosed only to any party, counsel of record in this action and staff employed by such counsel, experts and consultants retained by counsel (or by a party acting through its counsel in this action), and any insurance carriers and their personnel and consultants, but only as necessary for the purposes of this litigation and only in accordance with this Order. Permissible disclosures to a party hereunder include disclosures to officers, directors, owners, and employees of such party who have a reasonable and good faith need for access to the Confidential Matter designated as "CONFIDENTIAL" for the prosecution or defense of this action. Furthermore,

nothing within this Protective Order shall limit or prevent a Designating Party from disclosure or use of any Confidential Matter in compliance with its legal obligations or privileges to disclose or use such information. Prior to disclosure, the party or counsel disclosing Confidential Matter designated as "CONFIDENTIAL" shall inform such persons that the matter is confidential and may not be disclosed except as provided in this Order, and the person to whom such disclosure is made shall execute a copy of the Confidentiality Agreement attached as Exhibit "A." In the event the Designating Party grants written consent that Confidential Matter may be disclosed to any category of person not denoted above or otherwise contemplated herein, such person or persons shall, prior to any disclosure, execute a copy of the Confidentiality Agreement attached as Exhibit "A."

2.  Confidential Matter designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to counsel of record in this action and staff employed by such counsel, to independent experts or independent consultants retained by counsel of record for purposes of this action, and to any insurance carriers and their employees and consultants. Prior to any such disclosure to independent experts or consultants, the party or counsel disclosing Confidential Matter designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall inform such persons that the matter is confidential and may not be disclosed, except as provided in this Order, and the person to whom such disclosure is made shall execute a copy of the Confidentiality Agreement attached as Exhibit "A." Confidential Matter designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any category of persons not specified in this paragraph without the written consent of counsel for the Designating Party. In the event such consent is granted, such person or persons shall, prior to any disclosure, execute a copy of the Confidentiality Agreement attached as Exhibit "A."

C. **Objections to Disclosure of Confidential Matter to Independent Experts or Consultants.**

If a party objects to the proposed submission of Confidential Matter to an independent expert or consultant or other individuals identified in section II.A(6)(e), that party shall notify the party who retained the expert or consultant in writing of its objection, the specific Confidential Matter whose disclosure is subject to the objection, and the grounds for each such objection within the fifteen (15) business day period specified in section II.A(6)(e). If no objection is made in such time and manner, the party who retained the expert or consultant may disclose Confidential Matter to such person subject to the provisions of this Protective Order. If a timely and proper objection is made, the party who wishes to make the disclosure shall withhold disclosure of the Confidential Matter subject to objection until such time as the parties informally resolve their dispute or the Court, upon motion by the party seeking disclosure, decides whether and/or under what conditions the disclosure may occur. In the event that a dispute regarding providing discovery of Protected Information to an expert or consultant is unresolved during a time when any deadline to name any expert witness or to provide any disclosure of expert witness testimony is pending, the parties shall stipulate and agree to a reasonable extension of the deadline for naming an expert witness or providing any required disclosure.

D. **Use at Court, in Briefs or as Exhibits.**

Confidential Matter submitted to the Court, including that used as exhibits to or incorporated in any other manner in briefs, memoranda, transcripts or testimony or other documents filed or lodged with the Court, shall be protected as follows:

1. **Materials Filed or Lodged.**

A party seeking to file Confidential Matter shall apply to the Court to file such information under seal, as outlined in the [LOCAL RULE 79-5 and] Court's Standing Order. Should the Court determine that such material may not be filed under seal, the information

*SHS*

1 shall thereafter be treated as if it is not Confidential Matter.

### 2. Hearings and Trial.

At any hearing before the Court, counsel shall use good faith efforts to avoid disclosing Confidential Matter. If any counsel believes it is necessary to disclose Confidential Matter during a hearing, ~~said counsel shall confer with the other counsel present and the Court to agree upon a method by which the confidentiality of the Confidential Matter can be preserved. Should a transcript of the hearing be made, it shall be treated the same as a deposition pursuant to section I.B above.~~ see Local Rule 79-5.1.

### 3. Use in Depositions or Witness Preparation.

Subject to other limitations set forth herein, the parties, acting through their attorneys of record, may utilize Confidential Matter in the deposition of any witness or the preparation of any witness for testimony, provided that it is necessary for legitimate discovery or trial purposes.

### E. Preservation of Executed Confidentiality Agreements.

A copy of each executed Confidentiality Agreement shall be retained in a secure place by counsel for the party disclosing Confidential Matter. Counsel shall, immediately upon request, provide copies of the Confidentiality Agreements executed by each person identified by counsel for the adverse party, provided that the requesting party is otherwise entitled to discover the identity of the person(s) who executed the Confidentiality Agreement.

## III. LIMITATIONS, EXCLUSIONS, QUALIFICATIONS.

### A. Matters Outside the Scope of this Protective Confidentiality Order.

The terms of this Order shall not be construed: (a) to prevent any party or its respective counsel from making use of information which was lawfully in its possession prior to the date of this Order; (b) to apply to information which was, is, or becomes public knowledge, not in violation of this Order; or, (c) to apply to information which any of the parties or its counsel lawfully obtains from a third

party who has not derived the information from any of the parties to this action or improperly obtained such information.

B. **No Inferences.**

Neither the existence of this Order, nor the designation by any Party of any information, documents, things or writings as confidential pursuant to this Order shall, in and of itself, raise any inference as to the admissibility of any information, documents, things or writings marked for identification purposes or introduced in evidence at the trial of this action. Further, nothing herein shall preclude the Designating Party from seeking confidential treatment from the Court with respect to any information, documents, things or writings or from raising any available objection to the disclosure, production, or admissibility of evidence, including claims of privilege.

C. **Inadvertent Production.**

Inadvertent production of any information, document, thing or writing without a designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not by itself be deemed a waiver of the claim of confidentiality by the Designating Party as to such matter, and any party thereafter may designate the same as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Any party that discovers a document produced by another party that appears to the inspecting party, acting in good faith, to be a potentially privileged or confidential document shall notify the producing party in writing by fax and mail of the potentially privileged document. The producing party shall have five (5) business days following receipt of faxed notice to review the potentially privileged document and, in the event that the producing party determines that the document is subject to a privilege and was inadvertently produced, to notify all parties that the document was inadvertently produced. Any party that has obtained a copy of such a document shall immediately return all hard copies of the document to the

producing party along with a note asserting under oath that all copies are being returned. Electronic copies of said document shall be deleted. No party shall use for any purpose any privileged document inadvertently produced. In addition, the producing party, at its sole election and expense, may seek to remove the subject document from any disks that were produced to the parties. The non-producing parties shall cooperate in this endeavor. In the event of a good faith dispute relating to the provisions of this paragraph, any aggrieved party may bring the matter to the Court's attention by noticed or ex parte motion. Pending a ruling by the Court on any such motion, in the interim the document that is the subject of this dispute shall be treated as an inadvertently produced document and shall not be used for any purpose in a proceeding or deposition.

## IV. CHALLENGES AND OBJECTIONS TO DESIGNATIONS.

Any party may object to a designation of documents or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by following procedures in Local Rule 37. [SHS] ~~serving a written objection upon the Designating Party within a period of time reasonable under the circumstances. The Designating Party shall notify the objecting party in writing of the bases for the asserted designation within ten (10) calendar days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) calendar days after the objecting party has received the notice of the bases for the asserted designation.~~ The Objecting Party has the burden to move the Court for an order removing such a designation within a reasonable period of time, after conferring with the Designating Party, consistent with any procedures in Local Rule 37. [SHS] ~~outlined in the Court's Standing~~ Order. The Designating party then shall have the burden of establishing the documents, information and/or deposition testimony are confidential and subject to protection. Until the Court issues a ruling on any motion or application filed under this section, the parties shall treat the information or materials in question as Confidential Material pursuant to the designation given.

11
**[PROPOSED] ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER**

## V. TERMINATION OF ACTION.

Within thirty (30) days of the final termination of this proceeding, including without limitation, any appeal or retrial, Confidential Matter shall be returned to the producing party through that party's counsel of record. Counsel shall make their best efforts to retrieve and return Confidential Matter which they have disclosed to third parties in accordance with this Order; however, any third party which fails to return said material shall bear any responsibility for said failure directly to the producing party. Counsel may retain their work product containing Confidential Matter in a confidential manner as part of their files in the ordinary course of business, on condition that such retention shall not give counsel the right to disclose Confidential Matter in any other action or to use Confidential Matter for any other purpose.

## VI. SURVIVAL AFTER TERMINATION OF ACTION.

This Order shall remain in force and effect indefinitely until modified, superseded, or terminated by further order of this Court. After the termination of this action, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Matter was disclosed or communicated.

## VII. OTHER PROCEEDINGS.

If any person in another action serves on a party a subpoena *duces tecum* or other request for production of Confidential Matter covered by this Order, that party shall immediately notify the Designating Party of any such request, and shall notify the person serving such request that such materials are covered by this Order. Unless within ten (10) days of receipt of such notification the request for production or subpoena is withdrawn, or the Designating Party applies for a court order precluding and excusing the party from complying with such request, the party giving notice shall be free to produce the Confidential Matter. If the Designating Party applies for such an order, the party upon whom the subpoena is served shall not produce the Confidential Matter until after the court rules on such

application. Nothing stated herein shall require any party to violate the terms of a valid court order.

## VIII. MODIFICATION.

This Order may be modified by written agreement of the parties or pursuant to further order of this Court upon the request of any party.

## IX. REMEDIES.

The Designating Party shall be entitled to all remedies existing under law and equity in the event of any unauthorized disclosure of Confidential Matter, or any other breach of this Order, by any party to this action or by any person to whom a party to this action has disclosed any Confidential Matter.

In the event that any person or entity shall violate, or threaten to violate, any term of this Protective Order, any party may immediately apply to this Court or other court of competent jurisdiction for injunctive relief *pursuant to LR 7* against such person or entity. If the aggrieved party applies for injunctive relief, then the respondent person or entity shall not employ as a defense or claim that the aggrieved party possesses an adequate remedy at law. Each person and entity to whom disclosure of Confidential Matter is made, agrees to subject himself/herself to the jurisdiction of this Court only for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

*For good cause shown*

IT IS SO ORDERED.

Dated: 2/15/13

Hon. Suzanne H. Segal
United States Magistrate Judge

All future discovery filings shall include the following language on the cover page:
"[Referred to Magistrate Judge Suzanne H. Segal]"

13

[PROPOSED] ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER